IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL

Criminal Action No. 93-CR-00040-14-EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOYCE WILLIAMS,

    Defendant.

## ORDER

As the chief judge for the district court, I have the authority to divide and assign the business of the court so far as other rules and order do not otherwise prescribe such assignment. 28 U.S.C. § 137. On the resignation of U.S. District Judge Edward W. Nottingham, I have determined that certain matters pending before Judge Nottingham that have not already been subject to reassignment shall be considered by me.

Defendant Williams was indicted by a grand jury on January 27, 1993 and pleaded guilty to Count One, Conspiracy to Possess and Distribute Five Kilograms or More of Cocaine, on July 1, 1993. At the conclusion of the change of plea hearing, however, the defendant indicated she intended to withdraw her guilty plea. (Courtroom Mins., July 1, 1993.) The following day, the Government filed a Motion to Dismiss, in light of the court's ruling on suppression a key item of evidence against the defendant. The court granted the motion to dismiss.

The pending matter before the court is the defendant's written motion of April 30, 2002, styled as her "Motion to Expunge Conspiracy to Distribute Cocaine Ct. 1." The defendant states

in the motion that the charge was placing her employment situation at risk. There is no indication that the Government was served notice of the motion. The defendant similarly filed a document entitled as "Status Request on Motion to Expunge," restating her request. Again, no certificate of service accompanied the document.

The ability to expunge an arrest record is a power retained by a district court and involves a balancing of equities between the Government's need to maintain records to aid law enforcement and an individual's privacy rights. *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975). A district court's authority to expunge a criminal record , however, is limited and is not a remedy to be granted frequently. *U.S. v. Friesen*, 853 F.2d 816, 818 (10th Cir. 1988). Mere acquittal of a subsequent charge is an insufficient reason to grant expunction. *Linn*, 513 F.2d at 927. To properly assess the competing factors and apply the balancing test, the Government's response to the motion is necessary, as well as a renewal of the motion or status report from the defendant. *Id.*; *see also United States v. Williams*, 2008 WL 4699779 (D. Utah). Accordingly, it is

**ORDERED** that the clerk of the court shall serve a copy of the defendant's motion and status request upon the government, as well as a copy of this order on the defendant. It is further

**ORDERED** that the Government shall respond and the defendant may renew her motion within 30 days of the date of this order.

DATED at Denver, Colorado, this __**13th**__ day of February , 2009.

BY THE COURT:

By:  s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge